IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS, | ) ) ) ) | FILED: AUGUST 29, 2008 08CV4953 |
| Plaintiffs, | ) ) | JUDGE PALLMEYER |
| v. | ) No. ) | MAGISTRATE JUDGE BROWN |
| MINER'S TRANSPORT, INC., an Illinois corporation | ) Judge ) ) ) | AO |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, complain against Defendant, MINER'S TRANSPORT, INC. an Illinois corporation, as follows:

### COUNT I

### JURISDICTION AND VENUE

1.　(a)　Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

　　(b)　Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 185(c).

### PARTIES

2.　(a)　Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreements previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

3. (a) MINER'S TRANSPORT, INC. an Illinois corporation, employs employees represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) MINER'S TRANSPORT, INC. is an Illinois corporation, with its principal place of business at Grand Ridge, Illinois.

(c) MINER'S TRANSPORT, INC. an Illinois corporation, is an employer engaged in an industry affecting commerce.

4. MINER'S TRANSPORT, INC. an Illinois corporation, entered into an Area Construction Agreement with Teamsters 179 for the period June 1, 2006 through May 31, 2009 which require contributions to the Funds pursuant to 29 U.S.C. 1145.

5. Pursuant to the collective bargaining agreements between MINER'S TRANSPORT, INC., an Illinois corporation and the Union, MINER'S TRANSPORT, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period December, 2006 through February, 2008, as disclosed in an audit which took place on May 2, 2008.

6.      The audit disclosed $2,482.23 due the Pension Fund and $4,232.80 due the Welfare Fund for a total of $6,715.03.

WHEREFORE, Plaintiffs pray:

A.      This court enter judgment in favor of the Plaintiffs and against MINER'S TRANSPORT, INC., an Illinois corporation, in the amount of the audit, $6,715.03.

B.      That this court award the plaintiffs their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and the relevant collective bargaining agreements and trust agreements.

C.      That the Court grant such further relief as is proper.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS

By: _____
       One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

# EXHIBIT A

7. 2007 10:44AM    TEAMSTERS LOCAL 179    NO. 805    P. 3/4

Miner's Transport, Inc:
0135166602-01

# TEAMSTERS LOCAL 179

An Affiliate of the
INTERNATIONAL BROTHERHOOD OF TEAMSTERS

## OWNER OPERATOR / AREA CONSTRUCTION AGREEMENT



**JUNE 1, 2006 THROUGH MAY 31, 2009**



Agreement or until the affected provision is restored pursuant to Section 1 above. Should the parties bargain to impasse over the substitute provision, either or both may impose economic sanctions in support of their position and neither the grievance and arbitration provisions of this Agreement nor the no-strike-no-lockout provisions shall be applicable.

### ARTICLE 30
### Duration and Termination

30.1     This Agreement shall become effective on June 1, 2006, and shall remain in force and effect until and including May 31, 2009. After May 31, 2009, this Agreement shall be renewed automatically for periods of one (1) year unless either the Employer or the Union gives written notice to the other of a desire to modify, amend or terminate same at least sixty (60) days prior to the expiration of any such period.

DATE: _12-8-06_

**FOR TEAMSTERS LOCAL 179**

BY: _[signature]_

TITLE: _President_

**FOR THE COMPANY**

COMPANY: _Miner's Transport Inc._

ADDRESS: _2174 E 23rd Rd_

_Grand Ridge_      _IL_      _61325_
City              State      Zip

PHONE: _815 693 9670_

BY: _[signature]_

TITLE: _Pres/Owner_

DATE: _12-8-06_

27